THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KEN FLYNT**                                                      **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO: 3:11CV22HTW-LRA**

**BIOGEN IDEC, INC.**                                    **DEFENDANT**

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING AUTHORITIES**

COMES NOW, the Plaintiff, Ken Flynt, by and through counsel and serves this his Brief in Support of Response to Defendant's Motion for Summary Judgment, and would show the Court the following:

**I.   BACKGROUND FACTS**

Ken Flynt began his employment with Defendant in January 2008 as a Area Business Manager ("ABM") in the Neurology Business Unit. *Def. Mem.* at p. 3. His starting salary was approximately $115,000 per year, and he worked out of his home in Meridian, Mississippi. *Id.* Mr. Flynt's direct supervisor was Bill Richards, who was employed as the Regional Director for the Defendant's Memphis Region. *Id.* As an ABM, Mr. Flynt's primary responsibility was marketing a drug called Avonex, which is used in the treatment of multiple sclerosis. *Id.* at p. 4. On May 29, 2009, Mr. Flynt was presented a performance improvement plan in a meeting with Mr. Richards. *Id.* at p. 6. During this meeting Mr. Flynt indicated that he was not feeling well and had to leave the

meeting. *Id.* After leaving the meeting Mr. Flynt went to the office of his psychologist, Dr. Jennifer Whitcomb. *Id.* On or about June 2, 2009, the Defendant received information from Dr. Whitcomb indicating that Mr. Flynt would need to be out of work for an indefinite period of time due to his medical condition. *Id.* In October 2009, the Defendant sought additional information from Dr. Whitcomb regarding the nature of Mr. Flynt's medical condition. *Id.* at p. 7.  Dr. Whitcomb indicated that Mr. Flynt had depression and anxiety, and that he could return to work on November 1, 2009 if Defendant could reassign him to another supervisor. *Id.* The Defendant denied this request for a reasonable accommodation and there is no evidence Defendant attempted to come up with any alternative reasonable accommodations.  Mr. Flynt was considered to be terminated by Defendant on November 25, 2009, when he did not return to work as Defendant did not truly engage in the interactive process to determine a reasonable accommodation. *Id.* at p. 8.

## II.  STANDARDS FOR SUMMARY JUDGMENT

### A.  Summary Judgment

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

The Fifth Circuit Court of Appeals recently modified the *McDonnell Douglas* approach in the *Rachid* case.

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a

> legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, '[t]he plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed motive[s] alternative).'

*Rachid v. Jack in the Box, Inc.*, 376 F.3d at 312; Rishel v. Nationwide Mutual Insurance Company, 297 F. Supp. 2d 854, 865 (M.D. N.C. 2003).

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence.  *Id.* Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  All evidence and the reasonable inferences to be drawn therefrom must be

viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### III.   ARGUMENT

**A.   Plaintiff has clearly established a prima facie case of race discrimination.**

The Defendant first asserts that Mr. Flynt's impairment does not qualify as a disability. However, the Defendant only cites this Court to old precedent. The Americans with Disabilities Act was amended with the ADA Amendments Act of 2008 that went into effect on January 1, 2009. The amendment specifically states, "The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C.A. § 12101.4(A). The purpose of this amendment was in response to the continual limiting of what constitutes a disability under ADA by the courts. 42 U.S.C.A. § 12101(a). In the current case, Mr. Flynt was suffering from depression and anxiety, which should be considered a disability under the ADAAA. This medical condition caused Mr. Flynt to suffer several symptoms, such as, (1) projectile vomiting, (2) diarrhea and (3) panic attacks. *See* Affidavit of Ken Flynt, attached hereto as Exhibit "A." Mr. Flynt still suffers panic attacks because of the hostile work environment he was subjected to by Mr. Richards, which requires him to take medication that causes him to become drowsy.

**B.   Defendant Failed to Engage in Interactive Process.**

Once an individual with a disability makes a request for accommodation, EEOC guidelines state that "it may be necessary for the covered entity to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation." 29 C.F.R. § 1630.2(o)(3).  The regulations are silent on the specific nature of this interactive process, but they note that it should "identify the precise limitations resulting from the disability and potential reasonable accommodations taht could overcome those limitations." Id.  More detailed recommendations are provided in the EEOC Interpretive Guidance, which recommends a flexible "problem-solving approach," during which the employer should:

> (1) Analyze the particular job involved and determine its purpose and essential functions;
>
> (2) Consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation;
>
> (3) In consultation with the individual to be accommodated, identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential function of the position; and
>
> (4) Consider the preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the employee and the employer.

29 C.F.R. § 1630.9 app. (2005).  Courts generally articulate a similar description of the flexible nature of the interactive process envisioned by the regulations. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 23 (1st Cir. 2004); *Ammons v. Aramark Unif. Servs.,*

*Inc.,* 368 F.3d 809, 820 (7th Cir. 2004); *Bartee v. Michelin N. Am., Inc.,* 374 F.3d 906 (10th Cir. 2004); *Loulseged v. Akzo Nobel, Inc.,* 178 F.3d 731, 737 (5th Cir. 1999); *Hendricks-Robinson v. Excel Corp.,* 154 F.3d 685, 700 (7th Cir. 1998) (employer with blanket polices and directives regarding reassignment of employees with permanent disabilities failed to participate in interactive process).

In the current case, Defendant will surely claim it engaged in the interactive process by requesting reasonable accommodations from Plaintiff's doctor. However, that is not what all is required of Defendant. What truly occurred was that Defendant requested the accommodations from the doctor so they could just say no to the accommodation from the doctor without offering any suggestions itself. Neither the doctor or the plaintiff were knowledgeable as to what accommodations Defendant could reasonably provide.

Defendant has already claimed that requesting another supervisor was not a reasonable accommodation. While this is true, the Defendant could have determined if Mr. Flynt could have been reassigned to another equivalent position in the company or require Mr. Richards to alter his management style so that Mr. Flynt could perform his job without aggravating his disability. 42 U.S.C. § 12111(9)(B); *See* ADA and Psychiatric Disabilities, supra note 27, at 26-27, 8 FEP Manual (BNA) 405:7475, 7623-24. Instead, the Defendant just requested the Plaintiff's doctor to come up with accommodations without having knowledge as to what would be reasonable so that Defendant could say no to any accommodation, and Defendant could make it look like it tried to engage in the interactive process when that was never truly there intent.

## CONCLUSION

As set forth above, Defendant's motion for summary judgment should be denied.

THIS, the 5th day of December, 2011.

                                        Respectfully submitted,

                                        PLAINTIFF

                                        By: /s Nick Norris
                                            Louis H. Watson, Jr.  (MB# 9053)
                                            Nick Norris (MB# 101574)
                                            Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR.
628 N. State Street
Jackson, Mississippi 39202
(601) 968-0000
Fax: (601) 968-0010
nick@louiswatson.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on the following:

> Brandon M. Cordell
> Mississippi Bar No. 100646
> Jackson Lewis LLP
> 1155 Peachtree Street, Suite 1000
> Atlanta, GA 30309-3600
> Phone – (404) 586-1821
> Fax – (404) 525-1173
> cordellb@jacksonlewis.com

SO CERTIFIED, this the 5th day of December, 2011.

/s Nick Norris
Nick Norris